UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>11.3 ACRES OF LAND, more or less, situate in Klickitat County, State of Washington; MARVIN GREGORY KAMHOLZ and JANE DOE KAMHOLZ, husband and wife,<br><br>Defendants. | NO:  2:12-CV-3144-RMP<br><br>FINAL JUDGMENT |

Upon consideration of the Stipulation of Just Compensation executed by the United States of America and the defendant herein, it is hereby **ORDERED, ADJUDGED AND DECREED** that:

1.  The United States filed its Complaint in Condemnation (ECF No. 1) and Declaration of Taking (ECF No. 2), then deposited $16,000 ("Deposit") into the Registry of the Court on December 7, 2012 (ECF No. 4). At that time, title to the property, as set forth in the Declaration of Taking, vested in the United States.

FINAL JUDGMENT ~ 1

2. The subject property consists of easements over approximately 11.3 acres located in Klickitat County, Washington, as more particularly described in the Declaration of Taking filed herein ("subject property"). The underlying land is owned in fee simple by Marvin Gregory Kamholz (henceforth "Mr. Kamholz").

3. In order to settle this condemnation action, the parties agree that the just compensation payable by the United States for the taking of the subject property and estates described in the Declaration of Taking filed herein (ECF No. 2), together with all improvements thereon and appurtenances thereunto belonging, shall be the sum of $64,000 inclusive of interest, attorneys' fees, and costs. *See* ECF No. 55, Stipulation of Just Compensation.

4. Judgment shall be, and is hereby, entered against the United States in the amount of $64,000.

5. Three parties initially named in this suit, the County of Klickitat, Washington, Bert G. Beyerlin, Jr., and Marvin Norris have disclaimed an interest in the subject property, *see* ECF Nos. 26, 51, 52, and 55-1, and there is no spouse or domestic partner with a community interest in the property of Mr. Kamholz. As such, these parties are not entitled to any distribution of the just compensation to be paid for the taking of the subject property.

6. As the United States has previously deposited $16,000 as estimated just compensation, the deficiency amount between this amount and the agreed settlement of $64,000 is $48,000. The United States shall pay into the Registry of

FINAL JUDGMENT ~ 2

1  the Court the deficiency amount of $48,000. Should said deposit into the Registry

2  not be made within 60 days of the entry of this order of judgment, any unpaid

3  portion of the $48,000 deficiency shall accrue statutory interest for each day

4  thereafter until deposited.

5  7.    The said sum of $64,000 shall be full and just compensation and in full

6  satisfaction of any and all claims of whatsoever nature against the United States by

7  reason of the institution and prosecution of this action and taking of the subject

8  property and all appurtenances thereunto belonging.

9  8.    The said sum of $64,000 shall be subject to all liens, encumbrances, and

10 charges of whatsoever nature existing against the subject property at the time of

11 vesting of title thereto in the United States and all such taxes, assessments, liens

12 and encumbrances shall be payable and deductible from the said sum.

13 9.    Defendant Mr. Kamholz warrants that on the date of taking he had exclusive

14 right to the compensation herein, excepting the interest of parties having liens or

15 encumbrances of record and unpaid taxes and assessments, if any, and that no other

16 person or entity is entitled to the same or any part thereof. In the event that any

17 other party is ultimately determined by a court of competent jurisdiction to have

18 any right to receive compensation for the property taken in this case, Mr. Kamholz

19 shall refund into the Registry of the Court the compensation distributed herein, or

20 such part thereof as the Court may direct, with interest thereon calculated in

21

FINAL JUDGMENT ~ 3

accordance with the provision of 40 U.S.C. § 3116, from the date of the receipt of the deposit by Defendant to the date of repayment into the Registry of the Court.

10. The parties shall be responsible for their own legal fees, costs, and expenses (including attorney fees, consultants' fees, and any other expenses).

11. Upon the United States depositing the deficiency into the Registry of the Court, the Clerk of the Court shall, without further order of this Court, disperse to Defendant Mr. Kamholz, with check payable to:

<u>Dunn Carney Trust Account for Marvin Gregory Kamholz</u>

at the following address:

>   Elizabeth C. Knight
>   Dunn Carney Allen Higgins and Tongue
>   851 6th Avenue, Suite 1500
>   Portland, OR  97204-1357

all sums on deposit in the Registry of the Court, together with any interest earned thereon while on deposit.

12. Following disbursement of the above sums to the Defendant, this case shall be **CLOSED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and to Financial Specialist Sheri Wohl.

**DATED** this 5th day of October 2016.

> *s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> Chief United States District Court Judge

FINAL JUDGMENT ~ 4